United States Bankruptcy Court
Southern District of Texas

**ENTERED**

June 04, 2026

Nathan Ochsner, Clerk

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| Inotiv, Inc., *et al.*[1] | Case No. 26-90601 (CML) |
| Debtors. | (Jointly Administered) |

**ORDER (I) AUTHORIZING PAYMENT OF CERTAIN PREPETITION
CLAIMS OF TRADE CREDITORS, (II) CONFIRMING ADMINISTRATIVE
EXPENSE PRIORITY STATUS OF DEBTORS' UNDISPUTED OBLIGATIONS FOR
POSTPETITION DELIVERY OF GOODS AND SERVICES, (III) AUTHORIZING THE
DEBTORS TO CONTINUE CUSTOMER DEPOSIT AND ADVANCE BILLING
PROGRAMS AND TO REFUND CUSTOMER DEPOSITS, (IV) AUTHORIZING
FINANCIAL INSTITUTIONS TO HONOR AND PROCESS RELATED CHECKS AND
FUND TRANSFERS, AND (V) GRANTING RELATED RELIEF**

[Relates to Docket No. 8]

Upon the motion (the "***Motion***")[2] of the Debtors for entry of an order (the "***Order***") (a) authorizing, but not directing, the Debtors to pay, in the ordinary course of business, certain undisputed prepetition claims for goods and services owed to certain Trade Creditors, including, but not limited to, Model Procurement and Care Vendors, Medical Supplies and Consumables Vendors, Lienholders, Professional Services providers, and Other Trade Creditors; (b) confirming the administrative expense priority status of, and authorizing payment in the ordinary course of business of, the Debtors' undisputed obligations for the postpetition delivery of goods and

---

[1]   The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Inotiv LAMS West Inc. (7130); Inotiv, Inc. (5024); BAS Evansville, Inc. (3157); BASi Gaithersburg, LLC (9967); Bronco Research Services, LLC (2654); Envigo Bioproducts, Inc. (2644); Envigo Global Services Inc. (6521); Envigo Holding I, Inc. (3754); Envigo New Holdco, LLC (9828); Envigo RMS B.V., Inc. (8162); Envigo RMS, LLC (3840); ERPP, Inc. (2545); Histion, LLC (2199); Inotiv Boulder, LLC (9567); Inotiv Nashville, LLC (8480); Inotiv Research Models, LLC (6700); Integrated Laboratory Systems, LLC (3696); Precisium Solutions, LLC (2043); Seventh Wave Laboratories, LLC (3138).  The Debtors' service address is 2701 Kent Avenue, West Lafayette, IN 47906.

[2]   Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

provision of services; (c) authorizing the Debtors to continue the Customer Programs in the ordinary course of business, including applying customer deposits and advances against billings and refunding RMS Client Deposits upon request; (d) authorizing applicable financial institutions to receive, process, honor, and pay related checks, drafts, fund transfers, and other forms of payment related to the relief granted herein; and (e) granting related relief, all in accordance with the DIP Orders and as more fully described in the Motion; and upon consideration of the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of these chapter 11 cases and this proceeding is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "*Hearing*"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Debtors are authorized, but not directed, consistent with their prepetition practices and as the Debtors deem necessary in the reasonable exercise of their business judgment, to pay some or all Trade Claims in the ordinary course of business without further order of this Court.

2.      For the avoidance of doubt, the Trade Claims authorized to be paid pursuant to this Order include claims held by Professional Services providers and other professionals utilized in the ordinary course and not otherwise retained pursuant to a separate order of the Court.

3.      The Debtors' undisputed obligations arising from the postpetition delivery of goods or provision of services, including goods or services ordered prepetition but delivered or provided postpetition, are afforded administrative expense priority status pursuant to section 503(b)(1)(A) of the Bankruptcy Code, and the Debtors are authorized, but not directed, to pay such obligations in the ordinary course of business.

4.      The Debtors are authorized, but not directed, to continue honoring the Customer Programs in the ordinary course of business, including (a) applying customer deposits and advances received under the DSA Advance Billing Arrangements and RMS Client Deposits against customer billings in the ordinary course, and (b) refunding RMS Client Deposits in the ordinary course of business upon customer request.

5.      A copy of this Order shall be provided to all Trade Creditors that receive payment pursuant to paragraph 1 of this Order.  Any party that accepts payment from the Debtors on account of a prepetition Trade Claim shall be deemed to have agreed to the terms and provisions of this Order and to submit to the jurisdiction of this Court in connection with enforcement hereof.

6.      Each of the banks at which the Debtors maintain their accounts relating to the payment of the Trade Claims or customer deposits is authorized to (a) receive, process, honor, and pay all checks presented for payment, and to honor all fund transfer requests made by the Debtors related thereto, to the extent that sufficient funds are on deposit in those accounts, and (b) accept and rely on all representations made by the Debtors with respect to which checks, drafts, wires, or automated clearing house transfers should be honored or dishonored in accordance with this or

any other order of this Court, whether such checks, drafts, wires, or transfers are dated before, on, or after the Petition Date, without any duty to inquire otherwise.

7.      The Debtors are authorized, but not directed, to issue new postpetition checks, or effect new electronic funds transfers, on account of the Trade Claims and customer deposits as set forth herein, and to replace any prepetition checks or electronic fund transfer requests that may be lost or dishonored or rejected as a result of the commencement of these chapter 11 cases.

8.      The Debtors shall maintain a matrix/schedule of amounts directly or indirectly paid, subject to the terms and conditions of this Order, including the following information:  (a) the name of the payee; (b) the amount of the payment; (c) the category or type of payment, as further described and classified in the Motion; (d) the Debtor or Debtors that made the payment; and (e) the payment date.  The Debtors shall provide a copy of such matrix/schedule to the U.S. Trustee, counsel to the First Lien Ad Hoc Group (as defined in the Plan), counsel to the Ad Hoc Noteholder Group (as defined in the Plan), and any statutory committee appointed in these chapter 11 cases, if any, starting every forty-five (45) days after the entry of this Order and ending upon entry of an order confirming a plan or dismissing or converting these chapter 11 cases prior to such date.

9.      Nothing herein shall impair or prejudice the rights of the U.S. Trustee and any statutory committee appointed in these chapter 11 cases, which are expressly reserved, to object to any payment made pursuant to this Order to an insider (as such term is defined in section 101(31) of the Bankruptcy Code) of the Debtors, and all rights of the Debtors and the relevant insider are reserved to respond to any such objection.

10.     Nothing contained in the Motion or this Order, nor any payment made pursuant to the authority granted by this Order, is intended to be or shall be construed or deemed as (i) an

admission as to the validity of any claim against the Debtors, (ii) an agreement or obligation to pay any claims, (iii) a waiver of any claims or causes of action that may exist against any creditor or interest holder, (iv) a waiver of the Debtors' or any appropriate party in interest's rights to dispute the extent, perfection, priority, validity, or amounts of any claim, lien, or interest, or (v) an approval, assumption, or rejection of any agreement, contract, program, policy, or lease under section 365 of the Bankruptcy Code.

11.     Except as otherwise set forth herein, nothing herein shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by any party.

12.     Under the circumstances of these chapter 11 cases, notice of the Motion is adequate under Bankruptcy Rule 6004(a).

13.     Notwithstanding the relief granted in this Order, any payment made or to be made by the Debtors pursuant to the authority granted herein shall be subject to and in compliance with any DIP Order, including compliance with any budget or cash flow forecast in connection therewith, and any other terms and conditions thereof, and the DIP Documents (as defined in the DIP Orders). Nothing herein is intended to modify, alter, or waive, in any way, any terms, provisions, requirements, or restrictions of the DIP Orders or the DIP Documents.

14.     To the extent there is any inconsistency between this Order or any actions taken or proposed to be taken hereunder, and any DIP Order, DIP Document, or the RSA, the DIP Orders, the DIP Documents, or the RSA, as applicable, shall govern.

15.     Notwithstanding Bankruptcy Rule 6004(h), this Order shall be effective and enforceable immediately upon entry hereof.

16.     The Debtors are hereby authorized to take such actions and to execute such documents as may be necessary to implement the relief granted by this Order.

17.     The Court retains jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.


Signed:  June 04, 2026

_____
Christopher Lopez
United States Bankruptcy Judge