**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| Inotiv, Inc., *et al.*,[1] | Case No. 26-90601 (CML) |
| Debtors. | (Jointly Administered) |

**NOTICE OF (I) COMMENCEMENT OF
PREPACKAGED CASES UNDER CHAPTER 11 OF
THE BANKRUPTCY CODE, (II) COMBINED HEARING ON THE
DISCLOSURE STATEMENT, CONFIRMATION OF THE "PREPACKAGED"
CHAPTER 11 PLAN, AND RELATED MATTERS, AND (III) OBJECTION
DEADLINES AND SUMMARY OF PREPACKAGED CHAPTER 11 PLAN**

| | |
|---|---|
| Inotiv, Inc. | Case No. 26-90601 |
| Inotiv LAMS West Inc. | Case No. 26-90600 |
| BAS Evansville, Inc. | Case No. 26-90603 |
| BASi Gaithersburg, LLC | Case No. 26-90605 |
| Bronco Research Services, LLC | Case No. 26-90608 |
| Envigo Bioproducts, Inc. | Case No. 26-90610 |
| Envigo Global Services Inc. | Case No. 26-90613 |
| Envigo Holdings I, Inc. | Case No. 26-90614 |
| Envigo New Holdco, LLC | Case No. 26-90616 |
| Envigo RMS B.V., Inc. | Case No. 26-90617 |
| Envigo RMS, LLC | Case No. 26-90618 |
| ERPP, Inc. | Case No. 26-90602 |
| Histion, LLC | Case No. 26-90604 |
| Inotiv Boulder, LLC | Case No. 26-90606 |
| Inotiv Nashville LLC | Case No. 26-90607 |
| Inotiv Research Models, LLC | Case No. 26-90609 |
| Integrated Laboratory Systems, LLC | Case No. 26-90611 |

---

[1]   The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Inotiv LAMS West Inc. (7130); Inotiv, Inc. (5024); BAS Evansville, Inc. (3157); BASi Gaithersburg, LLC (9967); Bronco Research Services, LLC (2654); Envigo Bioproducts, Inc. (2644); Envigo Global Services Inc. (6521); Envigo Holding I, Inc. (3754); Envigo New Holdco, LLC (9828); Envigo RMS B.V., Inc. (8162); Envigo RMS, LLC (3840); ERPP, Inc. (2545); Histion, LLC (2199); Inotiv Boulder, LLC (9567); Inotiv Nashville LLC (8480); Inotiv Research Models, LLC (6700); Integrated Laboratory Systems, LLC (3696); Precisium Solutions, LLC (2043); Seventh Wave Laboratories, LLC (3138).  The Debtors' service address is 2701 Kent Avenue, West Lafayette, IN 47906.

| Precisium Solutions, LLC | Case No. 26-90612 |
| Seventh Wave Laboratories, LLC | Case No. 26-90615 |

On June 3, 2026 (the "***Petition Date***"), Inotiv, Inc. and certain of its affiliated debtors, the "***Debtors***"), commenced cases (the "***Chapter 11 Cases***") under chapter 11 of title 11 of the United States Code (the "***Bankruptcy Code***") in the United States Bankruptcy Court for the Southern District of Texas (the "***Bankruptcy Court***").  On the Petition Date, the Debtors filed the *Joint Prepackaged Chapter 11 Plan of Reorganization of Inotiv, Inc. and its Affiliated Debtors* (as amended, supplemented, or otherwise modified from time to time, the "***Plan***") [Docket No. 9], which is attached as <u>Exhibit A</u> to the *Disclosure Statement for the Joint Prepackaged Chapter 11 Plan of Reorganization of Inotiv, Inc. and its Affiliated Debtor**s*** (as may be amended, supplemented, or modified from time to time, the "***Disclosure Statement***") [Docket No. 10], also filed on the Petition Date.[2]  *On June 4, 2026, the Bankruptcy Court entered the Order (I) Scheduling a Combined Hearing on (A) Adequacy of Disclosure Statement and (B) Plan Confirmation; (II) Fixing Deadlines Related to Disclosure Statement Approval and Plan Confirmation; (III) Approving (A) Solicitation Procedures, (B) Form and Manner of Combined Hearing Notice and Objection Deadline, and (C) Notice of Non-Voting Status and Opt-Out and Opt-In Opportunities, (IV) Conditionally (A) Approving Disclosure Statement, (B) Directing the United States Trustee Not to Convene Section 341 Meeting of Creditors, and (C) Waiving Requirements of Filing of Statements of Financial Affairs Schedules of Assets and Liabilities, and 2015.3 Reports; and (V) Granting Related Relief* [Docket No. 65] (the "***Scheduling Order***").

The Plan implements the terms of a Restructuring Support Agreement, dated as of June 2, 2026 (as may be amended, modified, or supplemented, the "***RSA***"), which the Debtors entered into with the holders of greater than 99% of Prepetition First Lien Claims, the beneficial holders of greater than 85% of Prepetition PIK Notes Claims, and the beneficial holders of greater than 80% of Prepetition Unsecured Convertible Notes Claims (collectively, the "***Supporting Claimants***"). The RSA, which is attached to the Disclosure Statement as <u>Exhibit B</u>, is the result of extensive good faith and arm's length negotiations among the Debtors and the Supporting Claimants. Among other things, the RSA obligates the Supporting Claimants to vote to accept and support the Debtors' "prepackaged" Plan and restructuring.

The primary purpose of the Plan is to implement a financial restructuring transaction that substantially deleverages the Debtors' balance sheet and provides for an exit term loan facility consisting of senior secured first lien term loans in an aggregate principal amount of $150.0 million (including paid-in-kind interest, fees, OID, or premiums to be earned and capitalized upon issuance), Reinstatement of DOJ Claims, and payment in full or Reinstatement of all Allowed General Unsecured Claims. **<u>Importantly, the Plan provides for the satisfaction of all trade, customer, supplier, employee, and other non-funded debt claims in full in the ordinary course of business</u>**. The Debtors believe that any valid alternative to confirmation of the Plan would result

---

[2]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Plan or Disclosure Statement, as applicable.  The statements contained herein and the summaries of the provisions contained in the Plan and Disclosure Statement do not purport to be precise or complete statements of all the terms and provisions of the Plan or documents referred to therein, and are qualified in their entirety by the terms thereof.  To the extent there is a discrepancy between the terms herein and the Plan or Disclosure Statement, the Plan or Disclosure Statement, as applicable, shall govern and control.

in significant delays, litigation, additional costs, and, ultimately, would jeopardize recoveries for Holders of Allowed Claims.  The Debtors will continue to operate in the normal course and their business operations will not be disrupted by the restructuring process.  The Debtors will have adequate liquidity to meet their financial obligations to vendors and suppliers and expect to continue making payments to these parties without interruption.

This notice sets forth information regarding the Plan and the treatment of Claims and Interests thereunder, key dates and deadlines regarding the Plan and the Disclosure Statement, and certain other relevant information.

### Key Terms of the Plan

The Plan provides, among other things, that upon the Effective Date:

- All Allowed General Unsecured Claims against the Debtors will be unimpaired and unaffected by the Chapter 11 Cases and will be paid in full in Cash or Reinstated and satisfied in the ordinary course of business in accordance with the terms and conditions of the particular transaction giving rise to such Claim;

- All Allowed DOJ Claims will be Reinstated;

- All Allowed Priority Tax Claims shall be treated in accordance with section 1129(a)(9)(C) of the Bankruptcy Code;

- All Allowed Other Secured Claims and Allowed Other Priority Claims will be paid in full in Cash, or receive such other customary treatment that renders such Claims unimpaired under the Bankruptcy Code;

- Each Holder of an Allowed Prepetition First Lien Claim will receive its *pro rata* share of (1) 93% of the New Equity Interests, subject to dilution on account of the New Warrants and the Management Incentive Plan and (2) the Remaining Exit Term Loans (*i.e.*, the Exit Term Loans that were not provided to the DIP Lenders in satisfaction of the DIP Claims);

- Each Holder of an Allowed Prepetition PIK Claim will receive its *pro rata* share of 21% of the Notes Recovery;

- Each Holder of an Allowed Prepetition Unsecured Convertible Notes Claim will receive its *pro rata* share of 79% of the Notes Recovery; and

- All Existing Equity Interests will be extinguished.

The following chart summarizes the classification of Claims and Interests set forth in the Plan and indicates whether such class is entitled to vote on the Plan:

| Class | Claims and Interests | Status | Voting Rights |
|---|---|---|---|
| Class 1 | Other Priority Claims | Unimpaired | Not Entitled to Vote (Presumed to Accept) |
| Class 2 | Other Secured Claims | Unimpaired | Not Entitled to Vote (Presumed to Accept) |
| Class 3 | Prepetition First Lien Claims | Impaired | Entitled to Vote |

3

| Class 4 | DOJ Claims | Unimpaired | Not Entitled to Vote (Presumed to Accept) |
|---|---|---|---|
| Class 5 | Prepetition PIK Notes Claims | Impaired | Entitled to Vote |
| Class 6 | Prepetition Unsecured Convertible Notes Claims | Impaired | Entitled to Vote |
| Class 7 | General Unsecured Claims | Unimpaired | Not Entitled to Vote (Presumed to Accept) |
| Class 8 | Intercompany Claims | Unimpaired / Impaired | Not Entitled to Vote (Presumed to Accept / Deemed to Reject) |
| Class 9 | Intercompany Interests | Unimpaired / Impaired | Not Entitled to Vote (Presumed to Accept / Deemed to Reject) |
| Class 10 | Existing Equity Interests | Impaired | Not Entitled to Vote (Deemed to Reject) |
| Class 11 | Section 510(b) Claims | Impaired | Not Entitled to Vote (Deemed to Reject) |

### Key Dates and Information Regarding Confirmation of the Plan

On June 3, 2026 the Debtors commenced solicitation of votes on the Plan from certain Holders of Claims in the Voting Classes and will continue solicitation of all Holders of Claims in the Voting Classes following entry of the Scheduling Order, in accordance with section 1125 of the Bankruptcy Code and within the meaning of section 1126 of the Bankruptcy Code.

**Voting Record Dates**. The dates used for determining which Holders of Claims in the Voting Classes were entitled to vote on the Plan were **May 26, 2026** for Holders of Class 5 Prepetition PIK Notes Claims or Class 6 Prepetition Unsecured Convertible Notes Claims and **May 29, 2026** for Holders of Class 3 Prepetition First Lien Claims.

**Voting Deadline**. The deadline for a Holder of a Claim in the Voting Classes to vote to accept or reject the Plan is **July 6, 2026 at 4:00 p.m. (prevailing Central Time)** (the "*Voting Deadline*"). For a vote to count, it must be actually received by Kroll Restructuring Administration LLC (the "*Claims and Noticing Agent*") by the Voting Deadline. Any vote to accept or reject the Plan received by the Claims and Noticing Agent after the Voting Deadline may count only in the Debtors' sole discretion.

**Objection Deadline**. Any responses or objections to the adequacy of the Disclosure Statement and/or confirmation of the Plan (each, an "*Objection*") must be filed with the Clerk of the Bankruptcy Court no later than **4:00 p.m. (prevailing Central Time) on July 6, 2026** (the "*Objection Deadline*"). Further, any Objection must: (a) be in writing; (b) comply with the Federal Rules of Bankruptcy Procedure and the Bankruptcy Local Rules for the Southern District of Texas; (c) state the name and address of the objecting party and the amount and nature of the Claim or Interest owned or beneficially owned by such entity or individual; (d) state with particularity the legal and factual bases for such Objections, and, if practicable, a proposed modification to the Plan or Disclosure Statement that would resolve such Objections, and (e) be served on the Notice Parties on or before the Objection Deadline. **Any Objection that fails to comply with the requirements set forth in the Scheduling Order may not be considered and may be overruled.**

**Opt-Out / Opt-In Deadline**. Please be advised that the Plan contains release, exculpation, and injunction provisions, including third-party releases, as described in further detail below. For

Holders of Claims in Classes 1, 2, 4, or 7 (the "*Unimpaired Classes*"), the deadline to elect to opt-out of the third-party releases is **July 6, 2026 at 4:00 p.m. (prevailing Central Time)** (the "*Opt-Out Deadline*").  All Holders of Claims in the Unimpaired Classes who do not opt-out of the third-party releases on or prior to the Opt-Out Deadline will be considered "Releasing Parties" and will be deemed to have expressly, unconditionally, generally, individually, and collectively consented to the third-party releases and the discharge of all claims and causes of action against the Debtors.  Instructions on how to opt-out of the third-party releases are provided below as well as in any "Ballot" or "Notice of Non-Voting Status and Opt-Out Form" that you are receiving along with this notice.  For Holders of Claims or Interests in Classes 8 or 9, the deadline to elect to opt-in to the third-party releases is **July 6, 2026 at 4:00 p.m. (prevailing Central Time)**.

**Combined Hearing**. A hearing to consider the approval of the Disclosure Statement, confirmation of the Plan, and any objections to the Disclosure Statement or Plan will be held before the Honorable Christopher M. Lopez, United States Bankruptcy Judge, in Courtroom 402, 515 Rusk Street, Houston, Texas 77002, on **July 14, 2026 at 1:00 p.m. (prevailing Central Time)** (the "*Combined Hearing*").  Please be advised that the Combined Hearing may be continued from time to time by the Bankruptcy Court or the Debtors without further notice other than by such adjournment being announced in open court or by a notice of adjournment filed with the Bankruptcy Court and served on other parties entitled to notice.  The Debtors expect to meet the requirements for confirmation of the Plan and to emerge from bankruptcy shortly after the Combined Hearing.

### Where May Interested Parties Obtain Copies of the Plan and Disclosure Statement

Copies of the Plan, Disclosure Statement, RSA, and related documents are available (a) for a fee via PACER at https://pacer.uscourts.gov/ (PACER login required); (b) for free at the Clerk of the Bankruptcy Court, 5th Floor, 515 Rusk Street, Houston, Texas 77002, between the hours of 8:00 a.m. and 4:00 p.m., (prevailing Central Time); or (c) for free via the Debtors' restructuring website, https://restructuring.ra.kroll.com/Inotiv, maintained by the Debtors' Claims and Noticing Agent.  Copies of the Plan and Disclosure Statement may be obtained by calling the Solicitation Agent at (844) 408-3698 (US/Canada Toll Free), +1 (646) 825-3849 (International) or emailing the Solicitation Agent at InotivInfo@ra.kroll.com.

### Meeting of Creditors Pursuant to Section 341

The Bankruptcy Court has ordered that the U.S. Trustee shall **not** schedule a meeting of creditors pursuant to section 341 of the Bankruptcy Code before August 3, 2026, and if the Plan is confirmed on or before August 3, 2026, the requirement to schedule such a meeting shall be waived.

### Key Terms Relating to Assumption of Executory Contracts and Unexpired Leases

**ARTICLE V OF THE PLAN CONTAINS THE FOLLOWING PROVISIONS REGARDING EXECUTORY CONTRACTS AND UNEXPIRED LEASES. PARTIES TO EXECUTORY CONTRACTS AND/OR UNEXPIRED LEASES ARE ADVISED AND ENCOURAGED TO CAREFULLY REVIEW AND CONSIDER THE PLAN, INCLUDING ARTICLE V, AS THEIR RIGHTS MIGHT BE AFFECTED.**

All Executory Contracts and Unexpired Leases of the Debtors shall be assumed absent an objection as set forth in Section 5.2 of the Plan or an order requiring rejection, without the need for any further notice to or action, order, or approval of the Bankruptcy Court, pursuant to section 365 of the Bankruptcy Code as of the Plan Effective Date, except for those Executory Contracts and Unexpired Leases that, in each case, (i) have been assumed or rejected by the Debtors by prior order of the Bankruptcy Court, (ii) are the subject of a motion to reject filed by the Debtors pending on the Plan Effective Date, (iii) are identified as rejected Executory Contracts and Unexpired Leases by the Debtors on the Schedule of Rejected Executory Contracts and Unexpired Leases, if any, filed in the Plan Supplement, which may be amended by the Debtors up to and through the Plan Effective Date to add or remove Executory Contracts and Unexpired Leases by filing with the Bankruptcy Court a subsequent Plan Supplement and serving it on the affected non-Debtor contract parties; or (iv) are rejected or terminated pursuant to the terms of this Plan (the remaining Executory Contracts and Unexpired Leases being the "*Assumed Contracts and Leases*").  The Assumed Contracts and Leases shall be fully enforceable by the Reorganized Debtors in accordance with the terms thereof, except as otherwise modified by the provisions of the Plan, or by any order of the Bankruptcy Court.  Any rejection of an Executory Contract or Unexpired Lease pursuant to the Plan, including the designation of any Executory Contract or Unexpired Lease on the Schedule of Rejected Executory Contracts and Unexpired Leases, shall be subject to the prior consent of the Required Consenting First Lien Lenders and the other consent rights in the Restructuring Support Agreement.

The Confirmation Order shall constitute an order of the Bankruptcy Court: (i) approving the assumption of all Assumed Contracts and Leases, as described in the Plan, pursuant to Bankruptcy Code sections 365(a) and 1123(b)(2); (ii) providing that each assumption, assumption and assignment, or rejection, as the case may be, is in the best interests of the Reorganized Debtors, their Estates, and all parties in interest in the Chapter 11 Cases; and (iii) providing that the requirements for assumption or assumption and assignment of any Executory Contract or Unexpired Lease to be assumed have been satisfied.  Unless otherwise indicated, all assumptions or rejections of Executory Contracts or Unexpired Leases pursuant to the Plan are effective as of the Plan Effective Date.

Except as otherwise provided in the Plan or agreed to by the Debtors and the applicable counterparty, each assumed Executory Contract or Unexpired Lease shall include all modifications, amendments, supplements, restatements, or other agreements related thereto, and all rights related thereto, if any, including all easements, licenses, permits, rights, privileges, immunities, options, rights of first refusal, and any other interests.  To the maximum extent permitted by law, to the extent any provision in any Executory Contract or Unexpired Lease assumed pursuant to the Plan restricts or prevents, or purports to restrict or prevent, or is breached or deemed breached by, the assumption of such Executory Contract or Unexpired Lease (including any "change of control" provision), then such provision shall be deemed modified such that the transactions contemplated by the Plan shall not entitle the non-Debtor party thereto to terminate such Executory Contract or Unexpired Lease or to exercise any other default-related rights with respect thereto. Modifications, amendments, supplements, and restatements to prepetition Executory Contracts and Unexpired Leases that have been executed by the Debtors during the Chapter 11 Cases shall not be deemed to alter the prepetition nature of the Executory Contract or Unexpired Lease or the validity, priority, or amount of any Claims that may arise in connection therewith, and do not elevate to

administrative expense priority any prepetition Claims of the counterparties to the Executory Contracts and Unexpired Leases against any Debtor.

### Releases, Exculpation and Injunction Provisions

ARTICLE IX OF THE PLAN CONTAINS RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, ATTACHED HERETO AS ANNEX I, AND SECTION 9.3(b) CONTAINS A THIRD-PARTY RELEASE. THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER.

ALL HOLDERS OF CLAIMS OR INTERESTS, EXCEPT FOR THOSE IN THE DEEMED REJECTING CLASSES, WILL BE DEEMED TO HAVE EXPRESSLY, UNCONDITIONALLY, GENERALLY, INDIVIDUALLY, AND COLLECTIVELY CONSENTED TO THE RELEASE AND DISCHARGE OF ALL CLAIMS AND CAUSES OF ACTION AGAINST THE DEBTORS AND THE RELEASED PARTIES UNLESS SUCH HOLDERS: (X) ELECT TO OPT OUT OF THE RELEASES CONTAINED IN SECTION 9.3 OF THE PLAN; OR (Y) TIMELY OBJECT TO THE RELEASES CONTAINED IN SECTION 9.3 OF THE PLAN AND SUCH OBJECTION IS NOT RESOLVED BEFORE CONFIRMATION.

Houston, Texas

June 4, 2026

/s/ *Timothy A. ("Tad") Davidson II*

**HUNTON ANDREWS KURTH LLP**
Timothy A. ("Tad") Davidson II (Texas Bar No. 24012503)
Philip M. Guffy (Texas Bar No. 24113705)
Kaleb Bailey (Texas Bar No. 24136717)
600 Travis Street, Suite 4200
Houston, Texas 77002
Telephone: (713) 220-4200
Facsimile: (713) 220-4285
Email: taddavidson@hunton.com
    pguffy@hunton.com
    kbailey@hunton.com

*Proposed Counsel to the Debtors and Debtors in Possession*

**ROPES & GRAY LLP**
Cristine Pirro Schwarzman (admitted *pro hac vice*)
Daniel I. Forman (admitted *pro hac vice*)
1211 Avenue of the Americas
New York, New York
Telephone: (212) 596-9000
Facsimile: (212) (596-9090
Email: cristine.schwarzman@ropesgray.com
    dan.forman@ropesgray.com

*Proposed Counsel to the Debtors and Debtors in Possession*

Annex I

Discharge, Injunctions, Exculpation, and Releases

Please be advised that Article IX of the Plan contains certain release, exculpation, and injunction provisions as follows:

Relevant Definitions

"***Exculpated Parties***" means, collectively, and in each case solely in its capacity as such, to the fullest extent by law: (a) each of the Debtors and their Estates; (b) each Reorganized Debtor; and (c) with respect to the Debtors and Reorganized Debtors, each of their independent directors.

"***Related Parties***" means, to the fullest extent permitted by law, with respect to any Entity, such Entity's predecessors, successors, assigns, and Affiliates (whether by operation of Law or otherwise) and subsidiaries, and each of their respective managed accounts or funds, affiliated investment funds or investment vehicles, and each of their respective current and former equity holders (regardless of whether such equity interests are held directly or indirectly), officers, directors, managers, principals, shareholders, members, partners, limited partners, general partners, participants, employees, agents, advisory board members, financial advisors, attorneys, accountants, actuaries, investment bankers, consultants, representatives, management companies, fund advisors, fiduciaries, trustees, direct and indirect parent Entities, "controlling persons" (within the meaning of the federal securities law), heirs, administrators and executors, current, former, and future associated entities, managed or advised entities, accounts or funds, and other professionals, in each case acting in such capacity whether current or former, including in their capacity as directors of the Company, as applicable.

"***Released Parties***" means, collectively, and in each case solely in its capacity as such: (a) each Debtor; (b) each Reorganized Debtor; (c) each Consenting First Lien Lender; (d) each Consenting PIK Noteholder; (e) each Consenting Unsecured Convertible Noteholder; (f) each DIP Lender; (g) the DIP Agent; (h) the Trustee; (i) the Prepetition Agent; (j) each current and former Affiliate of each Entity in clauses (a) through clause (i); and each Related Party of each Entity in clauses (a) through clause (j); *provided, however*, that, in each case, an Entity shall not be a Released Party if it: (x) elects to opt out of the Third-Party Release; or (y) timely objects to the Third-Party Release and such objection is not withdrawn or otherwise resolved before the Confirmation Order is entered.  For the avoidance of doubt and notwithstanding anything herein to the contrary, no non-Releasing Party shall be a Released Party under the Plan.

"***Releasing Parties***" means collectively, and in each case solely in its capacity as such, (a) each Released Party; (b) each Estate; (c) each Holder of Claims who (i) votes to accept the Plan, (ii) is presumed to accept the Plan, (iii) is entitled to vote on the Plan and abstains from doing so, or (iv) votes to reject the Plan and, in each case, does not affirmatively opt out of the Third-Party Release by checking the applicable box on its Opt-Out Release Form or Ballot, in accordance with the procedures set forth in the Scheduling Order; (d) all Holders of Claims and Interests who are deemed to reject this Plan and who, in each case, affirmatively opt in to the Third-Party Release by checking the applicable box on their Opt-In Release Form indicating that they opt to grant the Third-Party Release in accordance with the procedures set forth in the Scheduling Order; and (e)

each Related Party of each Entity in clauses (a) through (d), solely to the extent such Related Party (i) would be obligated to grant a release under the principles of agency if it were so directed by the Entity in the foregoing clauses (a) through (d) to whom they are related, or (ii) may assert Claims or Causes of Action on behalf of or in a derivative capacity by or through an Entity in the foregoing clauses (a) through (d). For the avoidance of doubt, an Entity shall not be a Releasing Party if such Entity timely and properly opts out of, or does not opt in to, as applicable, the Third-Party Release or timely objects to the Third-Party Release, either through formal objection filed on the docket of the Chapter 11 Cases or informal objection provided to the Debtors in writing, including by electronic mail, and such objection is not resolved or withdrawn from the docket of the Chapter 11 Cases or in writing, including via electronic mail, as applicable, before Confirmation. For the avoidance of doubt, (y) no Holder of Claims or Interests that is deemed to reject the Plan shall be a Releasing Party unless such Holder affirmatively opts in to the Third-Party Release and (z) any opt-out election made by a Consenting Stakeholder in any capacity in contravention of the Restructuring Support Agreement is void *ab initio*.

## A. *RELEASES BY THE DEBTORs*

**EXCEPT AS OTHERWISE SPECIFICALLY PROVIDED IN THE PLAN OR THE CONFIRMATION ORDER, PURSUANT TO SECTION 1123(B) OF THE BANKRUPTCY CODE, FOR GOOD AND VALUABLE CONSIDERATION, THE ADEQUACY OF WHICH IS HEREBY CONFIRMED, AS OF THE PLAN EFFECTIVE DATE, EACH RELEASED PARTY IS HEREBY DEEMED, CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY, AND FOREVER RELEASED AND DISCHARGED BY AND ON BEHALF OF EACH AND ALL OF THE DEBTORS, THEIR ESTATES, AND THE REORGANIZED DEBTORS, IN EACH CASE ON BEHALF OF THEMSELVES AND THEIR RESPECTIVE SUCCESSORS, ASSIGNS, AND REPRESENTATIVES, AND ANY AND ALL OTHER ENTITIES WHO MAY PURPORT TO ASSERT ANY CLAIM OR CAUSE OF ACTION, DIRECTLY OR DERIVATIVELY, BY, THROUGH, FOR, OR BECAUSE OF THE FOREGOING ENTITIES, FROM ANY AND ALL CLAIMS AND CAUSES OF ACTION, WHETHER KNOWN OR UNKNOWN, INCLUDING ANY DERIVATIVE CLAIMS ASSERTED OR ASSERTABLE ON BEHALF OF THE DEBTORS, THEIR ESTATES, AND THE REORGANIZED DEBTORS, WHETHER LIQUIDATED OR UNLIQUIDATED, FIXED OR CONTINGENT, MATURED OR UNMATURED, KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, ASSERTED OR UNASSERTED, ACCRUED OR UNACCRUED, EXISTING OR HEREINAFTER ARISING, WHETHER IN LAW OR EQUITY, WHETHER SOUNDING IN TORT OR CONTRACT, WHETHER ARISING UNDER FEDERAL OR STATE STATUTORY OR COMMON LAW, OR ANY OTHER APPLICABLE INTERNATIONAL, FOREIGN, OR DOMESTIC LAW, RULE, STATUTE, REGULATION, TREATY, RIGHT, DUTY, REQUIREMENT, OR OTHERWISE, THAT THE DEBTORS, THE ESTATES, THE REORGANIZED DEBTORS, THEIR RESPECTIVE RELATED PARTIES, OR ANY OTHER ENTITIES CLAIMING UNDER OR THROUGH THEM WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT IN THEIR OWN RIGHT (WHETHER INDIVIDUALLY OR COLLECTIVELY), OR ON BEHALF OF THE HOLDER OF ANY CLAIM AGAINST, OR EQUITY INTEREST IN, A DEBTOR OR OTHER ENTITY, OR THAT ANY HOLDER OF ANY CLAIM AGAINST OR EQUITY INTEREST IN A DEBTOR OR OTHER ENTITY COULD HAVE**

**ASSERTED ON BEHALF OF THE DEBTORS BASED ON OR RELATING TO, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART, THE DEBTORS OR THEIR NON-DEBTOR AFFILIATES (INCLUDING THE MANAGEMENT, OWNERSHIP, OR OPERATION THEREOF OR OTHERWISE, OR THE PURCHASE, SALE, OR RESCISSION OF ANY SECURITY THEREOF), THE RESTRUCTURING TRANSACTIONS, THE CHAPTER 11 CASES, THE DEBTORS' IN- OR OUT-OF-COURT RESTRUCTURING EFFORTS, THE SUBJECT MATTER OF, OR THE TRANSACTIONS OR EVENTS GIVING RISE TO, ANY CLAIM OR INTEREST THAT IS TREATED IN THE PLAN, THE BUSINESS OR CONTRACTUAL ARRANGEMENTS OR INTERACTIONS BETWEEN OR AMONG ANY DEBTOR AND ANY RELEASED PARTY (EXCLUDING ANY ASSUMED EXECUTORY CONTRACT OR UNEXPIRED LEASE, OTHER THAN THE RESTRUCTURING SUPPORT AGREEMENT), THE RESTRUCTURING OF ANY CLAIM OR INTEREST BEFORE OR DURING THE CHAPTER 11 CASES, THE RESTRUCTURING SUPPORT AGREEMENT, THE PREPETITION FIRST LIEN CREDIT AGREEMENT, THE PREPETITION PIK NOTES INDENTURE, THE PREPETITION UNSECURED CONVERTIBLE NOTES INDENTURE, THE DIP FACILITY, THE DIP FACILITY DOCUMENTS, THE EXIT TERM LOAN FACILITY, THE EXIT FINANCING DOCUMENTS, THE NEW ORGANIZATIONAL DOCUMENTS, THE NEW WARRANT DOCUMENTS, THE DISCLOSURE STATEMENT, THE PLAN, THE PLAN SUPPLEMENT, THE CONFIRMATION ORDER, THE FIRST DAY PLEADINGS, ALL OTHER DEFINITIVE DOCUMENTS, ANY OTHER CONTRACT, INSTRUMENT, RELEASE, OR OTHER AGREEMENT OR DOCUMENT CREATED OR ENTERED INTO IN CONNECTION WITH THE RESTRUCTURING TRANSACTIONS OR THE CHAPTER 11 CASES, THE FORMULATION, PREPARATION, MARKETING, DISSEMINATION, NEGOTIATION, OR FILING OF ANY OF THE FOREGOING, THE COMMENCEMENT OF THE CHAPTER 11 CASES, THE PURSUIT OF CONFIRMATION, THE PURSUIT OF CONSUMMATION, THE ADMINISTRATION AND IMPLEMENTATION OF THE PLAN, INCLUDING THE ISSUANCE OR DISTRIBUTION OF SECURITIES PURSUANT TO THE PLAN, OR THE DISTRIBUTION OF PROPERTY UNDER THE PLAN OR ANY OTHER RELATED AGREEMENT RELATED TO THE RESTRUCTURING TRANSACTIONS, OR UPON ANY OTHER ACT OR OMISSION, TRANSACTION, AGREEMENT, EVENT, OR OTHER OCCURRENCE TAKING PLACE ON OR BEFORE THE EFFECTIVE DATE.**

**NOTWITHSTANDING ANYTHING TO THE CONTRARY IN <u>SECTION 9.3(A)</u> OF THE PLAN, THE RELEASES SET FORTH THEREIN DO NOT RELEASE (I) ANY POST-PLAN EFFECTIVE DATE OBLIGATIONS OF ANY PARTY OR ENTITY UNDER THE PLAN, ANY RESTRUCTURING TRANSACTION, OR ANY DOCUMENT, INSTRUMENT, OR AGREEMENT (INCLUDING THOSE SET FORTH IN THE PLAN SUPPLEMENT) EXECUTED TO IMPLEMENT, OR IN CONNECTION WITH, THE PLAN, (II) ANY RETAINED CAUSES OF ACTION, (III) ANY RELEASED PARTY FROM CLAIMS OR CAUSES OF ACTION ARISING FROM AN ACT OR OMISSION THAT IS JUDICIALLY DETERMINED BY A FINAL ORDER TO HAVE CONSTITUTED FRAUD, CRIMINAL MISCONDUCT, GROSS NEGLIGENCE, OR WILLFUL MISCONDUCT, OR (IV) ANY REINSTATED CLAIMS OR CAUSES OF**

3

**ACTION ASSERTED OR ASSERTABLE BY ANY NON-DEBTOR AFFILIATE(S) AGAINST ANY OTHER NON-DEBTOR AFFILIATE(S) OR THE DEBTORS.**

## B. *RELEASE OF LIENS*

Except as otherwise provided herein or in any contract, instrument, release, or other agreement or document created pursuant to the Plan, on the Plan Effective Date and concurrently with the applicable distributions made pursuant to the Plan, all mortgages, deeds of trust, Liens, pledges, or other security interests against any property of the Estates (other than (i) Liens securing the DIP Facility, which Liens shall be retained by the DIP Agent to secure the Exit Term Loan Facility, the Exit RCF, and any remaining obligations under the DIP Facility, (ii) any mortgages, deeds of trust, Liens, pledges, or other security interests securing Claims that are Reinstated pursuant to the Plan, and (iii) any mortgages, deeds of trust, Liens, pledges, or other security interests granted pursuant to, or otherwise permitted under, the Exit Financing Documents) shall be fully released and discharged, and all of the right, title, and interest of any Holder of such mortgages, deeds of trust, Liens, pledges, or other security interests shall revert to the Reorganized Debtors and their successors and assigns.

To the extent that any Holder of a Secured Claim that has been satisfied or discharged in full pursuant to the Plan, or any agent for such Holder, has filed or recorded publicly any Liens or security interests to secure such Holder's Secured Claim, then as soon as practicable on or after the Plan Effective Date, such Holder (or the agent for such Holder) shall take, and is hereby directed to take, any and all steps requested by the Debtors or the Reorganized Debtors that are necessary or desirable to record, evidence, or effectuate the cancellation, release, or extinguishment of such Liens or security interests, including the making of any applicable filings or recordings, and the Reorganized Debtors shall be entitled to make any such filings or recordings on such Holder's (or the applicable agents for such Holder's) behalf.

## C. *RELEASES BY HOLDERS OF CLAIMS AND INTERESTS*

**EXCEPT AS OTHERWISE SPECIFICALLY PROVIDED IN THE PLAN OR THE CONFIRMATION ORDER, FOR GOOD AND VALUABLE CONSIDERATION, THE ADEQUACY OF WHICH IS HEREBY CONFIRMED, AS OF THE PLAN EFFECTIVE DATE, EACH RELEASING PARTY CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY, AND FOREVER RELEASES AND DISCHARGES EACH RELEASED PARTY FROM ANY AND ALL CLAIMS AND CAUSES OF ACTION ARISING PRIOR TO THE PLAN EFFECTIVE DATE, WHETHER KNOWN OR UNKNOWN, WHETHER LIQUIDATED OR UNLIQUIDATED, FIXED OR CONTINGENT, MATURED OR UNMATURED, KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, ASSERTED OR UNASSERTED, ACCRUED OR UNACCRUED, EXISTING OR HEREINAFTER ARISING, WHETHER IN LAW OR EQUITY, WHETHER SOUNDING IN TORT OR CONTRACT, WHETHER ARISING UNDER FEDERAL OR STATE STATUTORY OR COMMON LAW, OR ANY OTHER APPLICABLE INTERNATIONAL, FOREIGN, OR DOMESTIC LAW, RULE, STATUTE, REGULATION, TREATY, RIGHT, DUTY, REQUIREMENT, OR OTHERWISE, THAT THE RELEASING PARTIES WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT IN THEIR OWN RIGHT (WHETHER INDIVIDUALLY OR COLLECTIVELY), BASED**

4

ON OR RELATING TO, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART, THE DEBTORS OR THEIR NON-DEBTOR AFFILIATES (INCLUDING THE MANAGEMENT, OWNERSHIP, OR OPERATION THEREOF OR OTHERWISE, OR THE PURCHASE, SALE, OR RESCISSION OF ANY SECURITY THEREOF), THE RESTRUCTURING TRANSACTIONS, THE CHAPTER 11 CASES, THE DEBTORS' IN- OR OUT-OF-COURT RESTRUCTURING EFFORTS, THE SUBJECT MATTER OF, OR THE TRANSACTIONS OR EVENTS GIVING RISE TO, ANY CLAIM OR INTEREST THAT IS TREATED IN THE PLAN, THE BUSINESS OR CONTRACTUAL ARRANGEMENTS OR INTERACTIONS BETWEEN OR AMONG ANY RELEASING PARTY AND ANY RELEASED PARTY, THE RESTRUCTURING OF ANY CLAIM OR INTEREST BEFORE OR DURING THE CHAPTER 11 CASES, THE RESTRUCTURING SUPPORT AGREEMENT, THE PREPETITION FIRST LIEN CREDIT AGREEMENT, THE DIP FACILITY, THE DIP FACILITY DOCUMENTS, THE EXIT TERM LOAN FACILITY, THE EXIT FINANCING DOCUMENTS, THE NEW ORGANIZATIONAL DOCUMENTS, THE NEW WARRANT DOCUMENTS, THE DISCLOSURE STATEMENT, THE PLAN, THE PLAN SUPPLEMENT, THE CONFIRMATION ORDER, THE FIRST DAY PLEADINGS, ANY OTHER DEFINITIVE DOCUMENTS, ANY OTHER CONTRACT, INSTRUMENT, RELEASE, OR OTHER AGREEMENT OR DOCUMENT CREATED OR ENTERED INTO IN CONNECTION WITH THE RESTRUCTURING TRANSACTIONS OR THE CHAPTER 11 CASES, THE FORMULATION, PREPARATION, MARKETING, DISSEMINATION, NEGOTIATION, OR FILING OF ANY OF THE FOREGOING, THE COMMENCEMENT OF THE CHAPTER 11 CASES, THE PURSUIT OF CONFIRMATION, THE PURSUIT OF CONSUMMATION, THE ADMINISTRATION AND IMPLEMENTATION OF THE PLAN, INCLUDING THE ISSUANCE OR DISTRIBUTION OF SECURITIES PURSUANT TO THE PLAN, OR THE DISTRIBUTION OF PROPERTY UNDER THE PLAN OR ANY OTHER RELATED AGREEMENT RELATED TO THE RESTRUCTURING TRANSACTIONS, OR UPON ANY OTHER ACT OR OMISSION, TRANSACTION, AGREEMENT, EVENT, OR OTHER OCCURRENCE TAKING PLACE ON OR BEFORE THE EFFECTIVE DATE.

NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THE FOREGOING, THE RELEASES CONTAINED IN SECTION 9.3(B) OF THE PLAN SHALL NOT BE CONSTRUED AS RELEASING (I) ANY RELEASED PARTY FROM CLAIMS OR CAUSES OF ACTION ARISING FROM AN ACT OR OMISSION THAT IS JUDICIALLY DETERMINED BY A FINAL ORDER TO HAVE CONSTITUTED ACTUAL FRAUD, WILLFUL MISCONDUCT, CRIMINAL MISCONDUCT, OR GROSS NEGLIGENCE, (II) ANY POST-PLAN EFFECTIVE DATE OBLIGATIONS OF ANY PARTY OR ENTITY UNDER THE PLAN, THE CONFIRMATION ORDER, OR ANY DOCUMENT, INSTRUMENT, OR AGREEMENT (INCLUDING THOSE SET FORTH IN THE PLAN SUPPLEMENT) EXECUTED TO IMPLEMENT THE PLAN OR THE TRANSACTIONS CONTEMPLATED BY THE CONFIRMATION ORDER, OR (III) ANY CLAIMS OR CAUSES OF ACTION ASSERTED OR ASSERTABLE BY ANY NON-DEBTOR AFFILIATE(S) AGAINST ANY OTHER NON-DEBTOR AFFILIATE(S) OR THE DEBTORS.

5

### D. *EXCULPATION AND LIMITATION OF LIABILITY*

WITHOUT AFFECTING OR LIMITING THE RELEASES SET FORTH IN SECTION 9.3 OF THE PLAN, AND NOTWITHSTANDING ANYTHING IN SECTION 9.4 OF THE PLAN TO THE CONTRARY, TO THE FULLEST EXTENT PERMITTED BY APPLICABLE LAW, NO EXCULPATED PARTY SHALL HAVE OR INCUR LIABILITY FOR, AND EACH EXCULPATED PARTY IS HEREBY EXCULPATED FROM, ANY CAUSE OF ACTION BASED ON OR RELATING TO, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART, THE DEBTORS OR THEIR NON-DEBTOR AFFILIATES (INCLUDING THE MANAGEMENT, OWNERSHIP, OR OPERATION THEREOF OR OTHERWISE, OR THE PURCHASE, SALE, OR RESCISSION OF ANY SECURITY THEREOF), THE RESTRUCTURING TRANSACTIONS, THE CHAPTER 11 CASES, THE DEBTORS' RESTRUCTURING EFFORTS, THE RESTRUCTURING OF ANY CLAIM OR INTEREST, THE RESTRUCTURING SUPPORT AGREEMENT, THE PREPETITION FIRST LIEN CREDIT AGREEMENT, THE DIP FACILITY, THE DIP FACILITY DOCUMENTS, THE EXIT TERM LOAN FACILITY, THE EXIT FINANCING DOCUMENTS, THE NEW ORGANIZATIONAL DOCUMENTS, THE NEW WARRANT DOCUMENTS, THE DISCLOSURE STATEMENT, THE PLAN, THE PLAN SUPPLEMENT, THE CONFIRMATION ORDER, THE FIRST DAY PLEADINGS, ANY OTHER DEFINITIVE DOCUMENTS, ANY OTHER CONTRACT, INSTRUMENT, RELEASE, OR OTHER AGREEMENT OR DOCUMENT CREATED OR ENTERED INTO IN CONNECTION WITH THE RESTRUCTURING TRANSACTIONS OR THE CHAPTER 11 CASES, THE FORMULATION, PREPARATION, MARKETING, DISSEMINATION, NEGOTIATION, OR FILING OF ANY OF THE FOREGOING, THE COMMENCEMENT OF THE CHAPTER 11 CASES, THE PURSUIT OF CONFIRMATION, THE PURSUIT OF CONSUMMATION, THE ADMINISTRATION AND IMPLEMENTATION OF THE PLAN, INCLUDING THE ISSUANCE OR DISTRIBUTION OF SECURITIES PURSUANT TO THE PLAN, OR THE DISTRIBUTION OF PROPERTY UNDER THE PLAN OR ANY OTHER RELATED AGREEMENT RELATED TO THE RESTRUCTURING TRANSACTIONS, OR UPON ANY OTHER ACT OR OMISSION, TRANSACTION, AGREEMENT, EVENT, OR OTHER OCCURRENCE TAKING PLACE DURING THE PERIOD BETWEEN THE PETITION DATE AND THE PLAN EFFECTIVE DATE.  NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THE FOREGOING, THE EXCULPATIONS IN THE PLAN SHALL NOT EXCULPATE ANY ENTITY FROM CLAIMS OR CAUSES OF ACTION ARISING FROM AN ACT OR OMISSION THAT IS JUDICIALLY DETERMINED BY A FINAL ORDER TO HAVE CONSTITUTED FRAUD, WILLFUL MISCONDUCT, OR GROSS NEGLIGENCE. FOR THE AVOIDANCE OF DOUBT, THE EXCULPATIONS CONTAINED IN THE PLAN WILL BE IN ADDITION TO, AND NOT IN LIMITATION OF, THE RELEASES SET FORTH IN THE PLAN.

### E. *INJUNCTION*

EXCEPT AS OTHERWISE EXPRESSLY PROVIDED IN THE PLAN, OR FOR DISTRIBUTIONS REQUIRED TO BE PAID OR DELIVERED PURSUANT TO THE PLAN OR THE CONFIRMATION ORDER, ALL ENTITIES THAT HAVE HELD, HOLD, OR MAY HOLD CLAIMS, INTERESTS, OR CAUSES OF ACTION THAT ARE

6

**(I) RELEASED OR DISCHARGED PURSUANT TO THE PLAN, OR (II) SUBJECT TO EXCULPATION PURSUANT TO THE PLAN, AND ALL OTHER PARTIES IN INTEREST, ARE PERMANENTLY ENJOINED, FROM AND AFTER THE PLAN EFFECTIVE DATE, FROM TAKING ANY OF THE FOLLOWING ACTIONS AGAINST, THE DEBTORS, THE REORGANIZED DEBTORS, THE RELEASED PARTIES, AND/OR THE EXCULPATED PARTIES (TO THE EXTENT OF THE EXCULPATION PROVIDED HEREIN WITH RESPECT TO THE EXCULPATED PARTIES), AS APPLICABLE, WITH RESPECT TO SUCH CLAIMS, INTERESTS, AND CAUSES OF ACTION: (A) COMMENCING, CONDUCTING, OR CONTINUING IN ANY MANNER, DIRECTLY OR INDIRECTLY, ANY SUIT, ACTION, OR OTHER PROCEEDING OF ANY KIND (INCLUDING ANY PROCEEDING IN A JUDICIAL, ARBITRAL, ADMINISTRATIVE, OR OTHER FORUM) ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS, INTERESTS, OR CAUSES OF ACTION; (B) ENFORCING, LEVYING, ATTACHING (INCLUDING ANY PREJUDGMENT ATTACHMENT), COLLECTING, OR OTHERWISE RECOVERING IN ANY MANNER OR BY ANY MEANS, WHETHER DIRECTLY OR INDIRECTLY, ANY JUDGMENT, AWARD, DECREE, OR ORDER AGAINST SUCH ENTITIES ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS, INTERESTS, OR CAUSES OF ACTION; (C) CREATING, PERFECTING, OR OTHERWISE ENFORCING IN ANY MANNER, DIRECTLY OR INDIRECTLY, ANY LIEN OR ENCUMBRANCE OF ANY KIND AGAINST SUCH ENTITIES OR THE PROPERTY OR THE ESTATES OF SUCH ENTITIES ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS, INTERESTS, OR CAUSES OF ACTION; (D) ASSERTING ANY RIGHT OF SETOFF, SUBROGATION, OR RECOUPMENT OF ANY KIND AGAINST ANY OBLIGATION DUE FROM SUCH ENTITIES OR AGAINST THE PROPERTY OF SUCH ENTITIES ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS, INTERESTS, OR CAUSES OF ACTION UNLESS SUCH ENTITY HAS TIMELY ASSERTED SUCH SETOFF RIGHT IN A TIMELY FILED PROOF OF CLAIM OR OTHER DOCUMENT FILED WITH THE BANKRUPTCY COURT EXPLICITLY PRESERVING SUCH SETOFF; (E) ACTING OR PROCEEDING IN ANY MANNER, IN ANY PLACE WHATSOEVER, THAT DOES NOT CONFORM TO OR COMPLY WITH THE PROVISIONS OF THE PLAN AND CONFIRMATION ORDER, TO THE FULLEST EXTENT PERMITTED BY APPLICABLE LAW; AND (F) COMMENCING OR CONTINUING, IN ANY MANNER OR IN ANY PLACE, ANY ACTION OR OTHER PROCEEDING OF ANY KIND ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS, INTERESTS, OR CAUSES OF ACTION RELEASED, SETTLED, AND/OR TREATED PURSUANT TO THE PLAN.**

**UPON ENTRY OF THE CONFIRMATION ORDER, ALL HOLDERS OF CLAIMS AND INTERESTS AND THEIR RESPECTIVE RELATED PARTIES, IN THEIR CAPACITIES AS SUCH, SHALL BE ENJOINED FROM TAKING ANY ACTIONS TO INTERFERE WITH THE IMPLEMENTATION OR CONSUMMATION OF THE PLAN.**

**NO PERSON OR ENTITY MAY COMMENCE OR PURSUE A CLAIM OR CAUSE OF ACTION OF ANY KIND AGAINST THE DEBTORS, THE REORGANIZED DEBTORS, THE EXCULPATED PARTIES, OR THE RELEASED PARTIES THAT**

7

**RELATES TO OR IS REASONABLY LIKELY TO RELATE TO ANY ACT OR OMISSION IN CONNECTION WITH, RELATING TO, OR ARISING OUT OF A CLAIM OR CAUSE OF ACTION RELEASED, DISCHARGED, SETTLED, OR THAT IS SUBJECT TO EXCULPATION PURSUANT TO THE PLAN, WITHOUT THE BANKRUPTCY COURT (I) FIRST DETERMINING, AFTER NOTICE AND A HEARING, THAT SUCH CLAIM OR CAUSE OF ACTION REPRESENTS A COLORABLE CLAIM OF ANY KIND, AND (II) SPECIFICALLY AUTHORIZING SUCH PERSON OR ENTITY TO BRING SUCH CLAIM OR CAUSE OF ACTION AGAINST ANY SUCH DEBTOR, REORGANIZED DEBTOR, EXCULPATED PARTY, OR RELEASED PARTY.**

**NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THE FOREGOING, THE INJUNCTION DOES NOT ENJOIN ANY PARTY UNDER THE PLAN, THE CONFIRMATION ORDER, OR UNDER ANY OTHER DEFINITIVE DOCUMENT OR OTHER DOCUMENT, INSTRUMENT, OR AGREEMENT (INCLUDING THOSE IN THE PLAN SUPPLEMENT) EXECUTED TO IMPLEMENT THE PLAN OR THE CONFIRMATION ORDER, FROM BRINGING AN ACTION TO ENFORCE THE TERMS OF THE PLAN, THE CONFIRMATION ORDER, THE RESTRUCTURING SUPPORT AGREEMENT, ANY OTHER DEFINITIVE DOCUMENT, OR ANY OTHER DOCUMENT, INSTRUMENT, OR AGREEMENT (INCLUDING THOSE IN THE PLAN SUPPLEMENT) EXECUTED TO IMPLEMENT THE PLAN OR THE CONFIRMATION ORDER.**

**THE INJUNCTIONS IN <u>SECTION 9.5</u> OF THE PLAN SHALL EXTEND TO ANY SUCCESSORS OF THE DEBTORS, THE REORGANIZED DEBTORS, THE RELEASED PARTIES, AND THE EXCULPATED PARTIES AND THEIR RESPECTIVE PROPERTY AND INTERESTS IN PROPERTY.  EACH OF THE DEBTORS, THE REORGANIZED DEBTORS, THE EXCULPATED PARTIES, AND THE RELEASED PARTIES IS EXPRESSLY AUTHORIZED HEREBY TO SEEK THE ENFORCEMENT OF THE INJUNCTIONS IN <u>SECTION 9.5</u> OF THE PLAN.**

**CERTIFICATE OF SERVICE**

I certify that on June 4, 2026, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

/s/ Timothy A. ("Tad") Davidson II
Timothy A. ("Tad") Davidson II