**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | ) | **Chapter 11** |
| | ) | |
| **INOTIV, INC.,** *et al.*,[1] | ) | **Case No. 26-90601 (CML)** |
| | ) | |
| **Debtors.** | ) | **(Jointly Administered)** |

**TENNESSEE DEPARTMENT OF REVENUE'S OBJECTION TO CONFIRMATION OF**
**THE JOINT PREPACKAGED CHAPTER 11 PLAN OF REORGANIZATION OF**
**INOTIV, INC. AND ITS AFFILIATED DEBTORS**
**[Re: Docket Entry 9]**

The Tennessee Attorney General, on behalf of the Tennessee Department of Revenue (the "Department"), respectfully submits this Objection to Confirmation of the Joint Prepackaged Chapter 11 Plan of Reorganization of Inotiv, Inc. and its Affiliated Debtors.  (Doc. No. 9).  The Department currently has priority tax claims of $7,834.60 and general unsecured claims of $1,877.05.

**PROCEDURES FOR RESOLVING DISPUTED CLAIMS OR INTERESTS**

1.      The Department objects to Article VII of the Plan regarding procedures for resolving disputed claims or interests.  (Doc. No. 9, pages 57-59 of 80).  This article contradicts the Bankruptcy Code, 11 U.S.C. §§ 105, 501, 502, and 503, as well as Bankruptcy Rules 3001 through 3012, thereby rendering the Plan unconfirmable under 11 U.S.C. § 1129(a)(1).

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Inotiv LAMS West Inc. (7130); Inotiv, Inc. (5024); BAS Evansville, Inc. (3157); BASi Gaithersburg, LLC (9967); Bronco Research Services, LLC (2654); Envigo Bioproducts, Inc. (2644); Envigo Global Services Inc. (6521); Envigo Holding I, Inc. (3754); Envigo New Holdco, LLC (9828); Envigo RMS B.V., Inc. (8162); Envigo RMS, LLC (3840); ERPP, Inc. (2545); Histion, LLC (2199); Inotiv Boulder, LLC (9567); Inotiv Nashville, LLC (8480); Inotiv Research Models, LLC (6700); Integrated Laboratory Systems, LLC (3696); Precisium Solutions, LLC (2043); Seventh Wave Laboratories, LLC (3138).  The Debtors' service address is 2701 Kent Avenue, West Lafayette, IN 47906.

2.      The Department objects that Section 7.1(a) of the Plan explicitly repudiates 11 U.S.C. § 502(a) and says that claimants should not file proofs of claim.  (Doc. No. 9, Section 7.1(a), p. 57 of 80).

3.      The Department objects that Section 7.1(a) of the Plan says the following:

The amount and validity of any disputed, contingent or unliquidated Claim shall be determined, resolved or adjudicated, as the case may be, in the manner in which such Claim would have been determined, resolved or adjudicated if the Chapter 11 Cases had not been commenced and all the (Reorganized) Debtors' legal and equitable rights in respect of any such Claim may be asserted after the Confirmation Date and Plan Effective Date to the same extent as if the Chapter 11 cases had not been commenced[.]

(Doc. No. 9, Section 7.1(a), p. 57 of 80).

4.      The Department objects that Section 7.2(b) of the Plan says the following:

Except as expressly provided in this Plan or in any order entered in the Chapter 11 Cases prior to the Plan Effective Date (including the Confirmation Order), no Claim shall become an Allowed Claim unless and until such claim is deemed Allowed under this Plan or the Bankruptcy Court has entered a Final Order (including the Confirmation Order) in the Chapter 11 Cases allowing such Claim.

(Doc. No. 9, Section 7.2(b), p. 58 of 80).

5.      The Department objects that Section 7.7 of the Plan says the following:

On or after the Plan Effective Date, except as provided herein, a Claim or Interest may not be filed or amended without the prior authorization of the Bankruptcy Court or the Reorganized Debtors, and, to the extent such prior authorization is not received, any such new or amended Claim or Interest filed shall be deemed Disallowed in full and expunged without any further action.

(Doc. No. 9, Section 7.7, p. 59 of 80).

6.      The Department objects that Section 7.8 of the Plan says the following:

For the avoidance of doubt, notwithstanding anything to the contrary herein, on and after the Plan Effective Date, the Reorganized Debtors and the Solicitation Agent are each authorized to update the Claims Register (including

via expungement) to reflect the terms of this Plan (including as set forth in Articles V-VII hereof) without the need to file an application, motion, complaint, objection, or any other legal proceeding seeking to adjust such Claim and without any further notice to or action, order, or approval of the Bankruptcy Court or the Holder of such Claim, as applicable.

(Doc. No. 9, Section 7.8, p. 59 of 80).

7.      The Bankruptcy Code provides for the filing of proofs of claim by creditors.  11 U.S.C. § 501.  Also, "A claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest … objects."  11 U,S.C. § 502(a).

8.      "A proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim."  Rule 3001(f).  Given this rule, a creditor that learns its proof of claim is incorrect based on new information or new events must be allowed to amend its proof of claim.  Debtors often file tax returns after the Effective Date of the Plan, thereby necessitating amended proofs of claim for claims originally based on estimated tax liabilities.  Amended proofs of claim are "liberally permitted."  *In re Kolstad*, 928 F.2d 171, 175 (5th Cir. 1991).

9.      Governmental units have at least "180 days after the date of the order for relief" to file pre-petition claims in this case, regardless of the Effective Date of the Plan.  11 U.S.C. § 502(b)(9)(A).  Also, administrative claims are often filed after the Effective Date of the Plan.

10.     The Department objects that Article VII of the Plan contradicts Bankruptcy Rules 3001 through 3012.  Title 11 empowers the Bankruptcy Court to enforce or implement the Bankruptcy Rules.  11 U.S.C. § 105(a).  Therefore, to the extent that the Plan interferes with the Bankruptcy Court's ability to enforce or implement any Bankruptcy Rule, the Plan is unconfirmable under 11 U.S.C. § 1129(a)(1).

11. Article VII of the Plan creates a chaotic and arbitrary system for claims that the Department frankly does not understand. The Plan's bizarre system for claims contradicts the Bankruptcy Code, 11 U.S.C. §§ 105, 501, 502, and 503, as well as Bankruptcy Rules 3001 through 3012. Without compliance with every provision of Title 11, the Plan is unconfirmable under 11 U.S.C. § 1129(a)(1).

12. The Department proposes that the following be added to Article VII of the Plan and to the Confirmation Order:

Notwithstanding anything to the contrary in the Plan or the Confirmation Order, the Tennessee Department of Revenue's claims must be treated as follows:

The Tennessee Department of Revenue may file proofs of claim pursuant to the Bankruptcy Code and the Bankruptcy Rules.

The Bankruptcy Code and the Bankruptcy Rules apply to all proofs of claim filed by the Tennessee Department of Revenue.

Any dispute about a proof of claim filed by the Tennessee Department of Revenue must be resolved based on the recognition that these jointly administered Chapter 11 Cases were commenced.

All proofs of claim filed by the Tennessee Department of Revenue are deemed Allowed unless a party in interest objects.

Each proof of claim filed by the Tennessee Department of Revenue is prima facie evidence of the validity and the amount of the claim.

Neither the Reorganized Debtors nor the Solicitation Agent may expunge or in any way alter the Claims Register regarding any proofs of claim filed by the Tennessee Department of Revenue unless and until any disputes about such

proofs of claim have been resolved based on the recognition that these jointly administered Chapter 11 Cases were commenced.

The Tennessee Department of Revenue may file pre-petition proofs of claim up to 180 days after the order for relief without the prior authorization of the Reorganized Debtors or the Bankruptcy Court.

The Tennessee Department of Revenue may file proofs of claim for administrative expenses up to 30 days after the Effective Date of the Plan without the prior authorization of the Reorganized Debtors or the Bankruptcy Court.

The Tennessee Department of Revenue may amend any of its proofs of claim without the prior authorization of the Reorganized Debtors or the Bankruptcy Court at any time that new events or new information render the validity or the amount of such claim incorrect.

## PRIORITY TAX CLAIMS

13. The Department objects that Section 6.2(c) of the Plan prohibits the payment of interest on claims "regardless of whether such distributions are delivered on or at any time after the Plan Effective Date." (Doc. No. 9, Section 6.2(c), p. 53 of 80). In the context of interest payments, this provision could be interpreted as overriding the reference to "section 1129(a)(9)(C) of the Bankruptcy Code" in Section 2.2 of the Plan regarding priority tax claims. (Doc. No. 9, Section 2.2, p. 24 of 80).

14. Priority tax claims must be paid "in regular installment payments in cash – of a total value, as of the effective date of the plan, equal to the allowed amount of such claim[.]" 11 U.S.C. § 1129(a)(9)(C)(i). This provision requires the payment of interest on priority tax claims that are not paid in full by the Effective Date of the Plan. The rate of interest is determined by 11

U.S.C. § 511.  If the Plan fails to provide for interest payments on priority tax claims, it is unconfirmable under 11 U.S.C. § 1129(a)(1).

15.     The Department proposes that the following be added to Section 2.2 of the Plan and to the Confirmation Order: "Notwithstanding anything to the contrary in the Plan or the Confirmation Order, interest shall be paid on priority tax claims of the Tennessee Department of Revenue pursuant to 11 U.S.C. § 1129(a)(9)(C)(i) and 11 U.S.C. § 511."

## ADMINISTRATIVE EXPENSE CLAIMS

16.     The Department objects that Section 2.1 of the Plan regarding administrative claims could be interpreted to require the Department to file requests for payment of its administrative expense claims, contrary to 11 U.S.C. § 503(b)(1)(D).

17.     Section 2.1(b) of the Plan exempts certain creditors from the requirement to file requests for administrative expense claims, but it does not include governmental units in the list of exempt creditors.  (Doc. No. 9, Section 2.1(b), p. 24 of 80).

18.     "Notwithstanding the requirements of subsection (a), a governmental unit shall not be required to file a request for the payment of an expense described in subparagraph (B) or (C), as a condition of its being an allowed administrative expense[.]"  11 U.S.C. § 503(b)(1)(D). If the Plan requires governmental units to file requests for payment of administrative expense claims, it is unconfirmable under 11 U.S.C. § 1129(a)(1).

19.     The Department proposes that the following be added to Section 2.1(b) of the Plan and to the Confirmation Order:  "Consistent with 11 U.S.C. § 503(b)(1)(D), the Tennessee Department of Revenue shall not be required to file a request for payment of an expense described in 11 U.S.C. § 503(b)(1)(B) or (C) as a condition of its being an allowed administrative expense."

**THIRD PARTY RELEASES**

20.     The Department respectfully opts out of the third-party releases in Section 9.3(b) of the Plan to the full extent permitted by law.  (Doc. No. 9, Section 9.3(b), pages 66-67 of 80).

21.     If the Debtors fail to agree in writing that the Department has opted out of the third-party releases, the Department objects to the third-party releases as contrary to 11 U.S.C. § 524(e), thereby implicating 11 U.S.C. § 1129(a)(1).  See, *Harrington v. Purdue Pharma L.P.*, 603 U.S. 204 (2024).  See also, *In re Pacific Lumber Co.*, 584 F.3d 229, 252-53 (5th Cir. 2009).

22.     The Department proposes that the Debtors agree in writing that the Department has opted out of the third-party releases in Section 9.3(b) of the Plan.

**CONCLUSION**

The Department respectfully asks this Court to deny confirmation of the Plan and to award any other relief to which the Department may be entitled.

Respectfully Submitted,

JONATHAN SKRMETTI
Attorney General and Reporter

/s/ Stephen R. Butler
Stephen R. Butler, TN BPR No. 014772
S.D. Texas Fed. ID No. 3574620
Senior Assistant Attorney General
Office of the TN Attorney General
Bankruptcy Division
P.O. Box 20207
Nashville, TN 37202
PH: 615-532-8718
AGBankTexas@ag.tn.gov
Attorney for the State of Tennessee

## <u>CERTIFICATE OF SERVICE</u>

I certify that on <u>June 29, 2026</u>, a true and exact copy of the foregoing was served upon all parties of record who receive notice electronically via the Court's CM/ECF system, and to the following by U.S. mail, first-class postage pre-paid:

Attn: President
Inotiv, Inc.
2701 Kent Avenue
West Lafayette, IN 47906

Attn: Cristine Pirro Schwarzman and Daniel I. Forman
Ropes & Gray LLP
1211 Avenue of the Americas
New York, New York 10036

Attn: Timothy A. ("Tad") Davidson II, Philip M. Guffy and Kaleb Bailey
Hunton Andrews Kurth LLP
600 Travis Street, Suite 4200
Houston, Texas 77002

Attn: Damian Schaible, Jonah A. Peppiatt, Amber Leary and Moshe Melcer
Davis Polk & Wardell LLP
450 Lexington Avenue
New York, New York 10017-3918

Attn: Charles Beckham Jr., Kelli Norfleet, Arsalan Mohammad and David Trausch
Haynes and Boone LLP
1221 McKinney Street, Suite 4000
Houston, TX 77010-2008

Attn: Jacob A. Adlerstein, Timothy Cruickshank and Lucian Wang
Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, NY 10019-6064

Attn: Daniel F.X. Geoghan
Cole Schotz P.C.
1325 Avenue of the Americas
New York, NY 10019

Attn: Christopher Ross Travis and Jayson B. Ruff
Office of the U.S. Trustee S.D. Texas
515 Rusk Street, Suite 3516
Houston, TX 77002

/s/ Stephen R. Butler
Stephen R. Butler
Senior Assistant Attorney General